UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BARNETTE,<br><br>    Petitioner,<br><br>    v.<br><br>M. ATCHELY,<br><br>    Respondent. | No. 2:20-cv-02392-KJM-CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss petitioner's federal habeas corpus application based on the <u>Younger</u> abstention doctrine. ECF No. 9. For the reasons discussed below, the court recommends that the motion to dismiss be granted and petitioner's application for federal habeas corpus relief be dismissed without prejudice.

**I.    Factual and Procedural History**

Petitioner was convicted following a jury trial in the Sacramento County Superior Court of first-degree murder, attempted murder, and shooting at an occupied vehicle. The jury acquitted petitioner of the attempted murder of an additional passenger in the vehicle. On June 30, 2015, petitioner was sentenced to a total of 82 years to life plus a determinate term of 5 years. The California Court of Appeal remanded the case for the trial court to exercise its discretion to strike

1

or dismiss the enhancements for discharging a firearm. The trial court declined to exercise its discretion and resentenced petitioner to the same term on November 4, 2019. See ECF No. 10-5 at 2. On November 13, 2020, the California Court of Appeal remanded for resentencing a second time based on the trial court's failure to consider petitioner's post-sentencing behavior. See ECF No. 10-6. Petitioner is still pending resentencing in the Sacramento County Superior Court. See ECF No. 10-7 (docket sheet).

On November 30, 2020, petitioner filed the instant § 2254 petition raising the same claims presented on direct appeal including jury instruction challenges, ineffective assistance of counsel claims, and sufficiency challenges to the attempted murder and shooting at an occupied vehicle counts.[1] See ECF No. 1 at 5-11. In the habeas application, petitioner states that "[o]ne issue has not been resolved. Petitioner is currently seeking to resolve this claim in state court." ECF No. 1 at 17.

## II.     Motion to Dismiss

On February 25, 2021, respondent file a motion to dismiss the habeas petition based on the Younger abstention doctrine because resentencing proceedings are pending in state court. ECF No. 9.

Petitioner has not filed an opposition to the motion and the time to do so has expired. See ECF No. 6 (service order directing that any opposition shall be filed within 30 days after service of the motion).

## III.    Legal Standards

Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issues. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23

---

[1] All filing dates by petitioner are calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

F.3d 218, 223 (9th Cir. 1994); Kenneally v. Lungren, 967 F.2d 329, 331–32 (9th Cir. 1992). If all three of these factors are met, the federal court must abstain from ruling on the issues and dismiss the federal action without prejudice, unless there are extraordinary or special circumstances which pose an immediate threat of irreparable injury. See Kenneally, 967 F.2d at 331; Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases involving harassment by state officials, prosecutions undertaken "in bad faith that have no hope of obtaining a valid conviction," or where "irreparable injury can be shown.").

### IV. Analysis

In this case, all three criteria for Younger abstention are present and petitioner has not demonstrated that this is an extraordinary case justifying an exception to the Younger abstention rule. First, it is apparent from the face of the petition that state criminal proceedings were ongoing when petitioner filed the 28 U.S.C. § 2254 petition. See Beltran v. State of California, 871 F.2d at 782 (stating that for purposes of Younger abstention analysis, the pendency of state proceedings is determined "at the time the federal action was filed").

Second, the imposition of sentence serves an important state interest. In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)). In fact, the judgment of conviction is not yet even final. See Burton v. Stewart, 549 U.S. 147, 156 (2007) (stating that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment.") (internal quotations and citation omitted). Petitioner's federal habeas petition is simply premature absent a final judgment to collaterally challenge. In Edelbacher v. Calderon, 160 F.3d 582 (1998), the Ninth Circuit Court of Appeal applied the Younger abstention doctrine to a habeas petition that was filed after conviction but before resentencing was complete. The court emphasized that "[w]hen there is a pending state penalty retrial and no unusual circumstances, we decline to depart from the general rule that a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Id. at 582-83.

Just as in Edelbacher, petitioner must await the outcome of his state court resentencing before pursing federal habeas corpus relief.

Third, petitioner presents no reason why his constitutional claims cannot be presented in state court proceedings that are currently pending or in a subsequently filed appeal or state habeas petition. While petitioner is being resentenced based on a change in state law, he may appeal his resentencing or pursue additional relief via state habeas proceedings. In light of Supreme Court precedent limiting a federal habeas court's review to the record that was presented in state court, there is no benefit for petitioner to rush into federal court without first properly pursing his state court remedies. See Cullen v. Pinholster, 563 U.S. 170 (2011).

For all these reasons, respondent's motion to dismiss the pending § 2254 petition should be granted based on the Younger abstention doctrine. The appropriate remedy is a dismissal without prejudice which will allow petitioner to file a new § 2254 petition once his criminal judgment is final and he has exhausted his state court remedies. See Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) (emphasizing that ("[w]here Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires dismissal of the federal action.")).

**V.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing respondent's motion to dismiss, the undersigned has concluded that your federal habeas petition should be dismissed without prejudice based on your pending state proceedings. Once your criminal case becomes final and you have exhausted state court remedies, you may file a new § 2254 petition.

If you disagree with this result, you have 14 days to explain to the court why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review them and render the final decision.

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted.

2. Petitioner's application for a writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 12, 2021

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/barn2392.mtd.Younger.docx